UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAKIESHA MCCALL, as Administrator on behalf of DARIUS MCCALL,<br><br>Plaintiff<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>Defendants | Case No.: 2:18-cv-01319-APG-EJY<br><br>**Order Rejecting Proposed Pretrial Order**<br><br>[ECF No. 101] |

Plaintiff Lakiesha McCall filed a proposed pretrial order. ECF No. 101. It does not comply with Local Rules 16-3 and 16-4. First and foremost, the defendants did not participate in the preparation of the proposed order, so it is not a joint order as required by Local Rule 16-3(b). McCall asserts that she forwarded a draft of the proposed order to the defendants' counsel, who did not respond. ECF No. 101 at 1. The defendants shall show cause why sanctions should not be entered against them and their counsel for their failure to comply with Local Rule 16-3(b). Sanctions may include striking their answer and affirmative defenses, entry of default, and fines.

Second, in her exhibit list, McCall identifies "pages from personnel file of" various witnesses. ECF No. 101 at 11. Other exhibits are also described vaguely. Such vague, broad designations of exhibits violate Local Rule 16-3(b)(8)'s requirement that parties "must describe the exhibits sufficiently for ready identification," and they make it impossible for the other party to object as required by Local Rule 16-3(b)(8)(B). The parties must identify the specific exhibits they intend to use at trial. I remind the parties they should not simply list every document produced in the case, as that would violate Local Rule 16-3.

Third, McCall's list of witnesses includes several people designated as "person most knowledgeable" of an entity. ECF No. 101 at 13-14.  The parties should know by now the names of witnesses who will be called to testify; vague, general categories of witnesses are not permitted by Local Rule 16-3(b)(12).

Finally, McCall states she will "present the deposition of Darius McCall as redacted for relevant and proper evidence." ECF No. 101 at 12.  But she but does not "designat[e] the portions of the deposition to be offered," as required by Local Rule 16-3(b)(10).

Local Rule 16-3 requires the parties to personally discuss these and other issues.  The requirements set forth in Local Rules 16-3 and 16-4 are designed to streamline trial preparation and presentation, and to foster settlement.  The parties cannot simply wait to make trial decisions until the eve of trial.  If they do, they cannot fully participate in settlement discussions.  Obviously, the defendants have ignored Local Rule 16-3, and McCall's proposed order does not comply with it.

I THEREFORE ORDER that the plaintiff's proposed pretrial order (**ECF No. 101) is REJECTED.**  Counsel for the parties shall personally confer as required in Local Rule 16-3, and submit a joint pretrial order that complies with Local Rule 16-4 by **April 5, 2022**.  If the defendants continue to refuse to participate in the preparation of the proposed order, then McCall will submit a new, individual proposed order that includes an explanation of the steps her counsel took to obtain the defendants' participation.

/ / / /

/ / / /

/ / / /

/ / / /

I FURTHER ORDER the defendants to show cause why they should not be sanctioned for their failure to respond to McCall's draft order or otherwise comply with their obligations under Local Rules 16-3 and 16-4. If the defendants fail to show cause by **March 24, 2022**, sanctions will be entered without further warning.

DATED this 9th day of March, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE