Robert A. Nersesian
Nevada Bar No. 2762
Thea Marie Sankiewicz
Nevada Bar No.  2788
**NERSESIAN & SANKIEWICZ**
528 South Eighth Street
Las Vegas, Nevada89101
Telephone:  702-385-5454
Email:  vegaslegal@aol.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **DARIUS McCALL**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No.: 2:18-cv-01319-APG-GWF |
| **LAS VEGAS METROPOLITAN POLICE** | ) |
| **DEPARTMENT**, **JEREMY JACOBITZ**, | ) |
| **BRIANNA MUENZENMEYER**, **DROCK** | ) |
| **GAMING, LLC** d/b/a **THE D**, **RAYMOND** | ) |
| **THOMPSON**, **COLTON HAFEN** and | ) |
| **GEORGE RAMIREZ-MARILLO** | ) |
| | ) |
| Defendants. | ) |

**JOINT PRETRIAL ORDER**

**I.**

**This is an action for:**

This is a civil rights, intentional tort, and trespass to chattels case.  The parties submitted various motions for summary judgment which fully set forth the facts and contentions of the parties.  Drock Gaming has now been dismissed from the action by consent. After the Court's Order Granting in Part and Denying in Part Motions for Summary Judgment [Document 71] and the Defendants' appeal of this Court's order denying qualified immunity, the following are the causes of action that have survived:

<u>Against Defendants Muenzenmeyer and Jacobitz:</u>

1)      Alleged Violation of 42 USC § 1983 as to:

        a)      Continued detention and handcuffing of Plaintiff after the investigation is concluded

        b)      Initial handcuffing of Plaintiff

        c)      Continued handcuffing of Plaintiff after Officers Hafen and Ramirez-Murillo returned with the D Personnel.(liability for summary judgment was granted)

        d)

2)      False imprisonment

3)      Battery

4)      Defamation

<u>Against Defendant Muenzenmeyer:</u>

Alleged Trespass to chattels

<u>Against Defendants Hafen and Ramirez-Marillo:</u>

1)      Alleged Violation of 42 USC § 1983 as to:

        a)      Continued detention of Plaintiff after returning with The D personnel

        b)      Continued handcuffing of Plaintiff after returning with The D personnel

<u>Against Defendant LVMPD:</u>

1)      Alleged Violation of 42 USC § 1983 as to handcuffing of Plaintiff

2)      Alleged Vicarious liability for False imprisonment

3)      Alleged Vicarious liability for Battery

4)      Alleged Vicarious liability for Defamation

5)      Alleged Vicarious liability for Trespass to chattels

As set out above, the issue of damages remains as to <u>Defendants Muenzenmeyer and Jacobitz</u> on the granting of partial summary judgment of liability on the claim of a violation of 42 USC § 1983 as to the continued handcuffing of Plaintiff after Officers Hafen and Ramirez-Marillo returned with the D Personnel, and any other surviving claim upon which the jury determines liability. .

**II.**

**Statement of jurisdiction:**

Jurisdiction is based upon federal question, 28 USC § 1331, in that Plaintiff has pled claims for violations of 42 USC § 1983.  As to the related state cases, the Court has pendant jurisdiction, 28 USC § 1367(a). The matter is before this Court on the Defendants' removal of the claims which were initially filed in the Clark County District Court.

**III.**

**The following facts are admitted by the parties and require no proof:**

1.     Defendants, Muenzenmeyer, Jacobitz, Hafen, Ramirez-Marillo and LVMPD acted under color of law in their encounter with Plaintiff.

**IV.**

**The following facts, though not admitted, will not be contested at trial by evidence to the contrary:**

1.     On October 10 2019, Plaintiff worked at the Fremont Street Experience for a vacation company known as TLC on the date of the events at issue.

2.     Plaintiff was at work at the time of the stop, and his job was to raise interest and gather time-share leads for his employer by talking to persons on Fremont Street and directing them to other employees at sales kiosks (in this case, inside a proximate store front).

**V.**

**The following are the issues of fact to be tried and determined at trial. [Each issue of fact must be stated separately and in specific terms.]**

Plaintiff's Issues of Fact:

42 USC § 1983:

     1.     Whether Defendants Muenzenmeyer and Jacobitz violated Plaintiff's Constitutional right to be free of unreasonable seizure when they continued to detain Plaintiff longer than necessary to investigate suspected criminal activity and instead held him for the D's private purpose?

     2.     Whether Defendants Hafen and Ramirez-Marillo violated Plaintiff's Constitutional right to be free of unreasonable seizure when they continued to participatein the detention of the Plaintiff longer than necessary to investigate suspected criminal activity after returning to the scene with the D personnel?

     3.     Whether Defendants Muenzenmeyer and Jacobitz violated Plaintiff's Constitutional right to be free of unreasonable seizure when they initially handcuffed Plaintiff?

     4.     Whether Defendant LVMPD had an unofficial custom or practice of placing *Terry* stop subjects, including Plaintiff, in handcuffs, in violation of Plaintiff's Constitutional right to be free of unreasonable seizure?

False imprisonment:

     6.     Whether Defendants Muenzenmeyer, Jacobitz, Hafen, Ramirez-Marillo and LVMPD restrained Plaintiff under probable imminence of force without any legal cause or justification during any time throughout the detention of Plaintiff?

Battery:

Nersesian & Sankiewicz
528 South Eighth Street

4

7.      Whether Defendants Muenzenmeyer, Jacobitz, Hafen, Ramirez-Marillo and LVMPD used more force than necessary on Plaintiff by handcuffing Plaintiff and continuing to keep Plaintiff in handcuffs throughout the encounter?

Defamation:

8.      Whether Defendants Muenzenmeyer, Jacobitz, Hafen, Ramirez-Marillo and LVMPD published a defamatory per se statement to patrons in the D that Plaintiff was a criminal by holding him in handcuffsafter the completion of their *Terry* stop as patrons observed him?

9.      Whether the conduct of Defendants Muenzenmeyer, Jacobitz, Hafen, Ramirez-Marillo and LVMPD was not privileged, or at least negligent, when they continued to detain and hold Plaintiff without reasonable suspicion?

Trespass to chattels:

10.     Whether Defendants Muenzenmeyer and LVMPD dispossessed Plaintiff of his identification by giving the identification to The D through Thompson without Plaintiff's consent?

Punitive damages:

12.     Whether the conduct of Defendants Muenzenmeyer, Jacobitz, Hafen, Ramirez-Marillo and LVMPD was motivated by evil motive or intent or involved reckless or callous indifference to the federally protected rights of Plaintiff?

13.     Whether, by clear and convincing evidence, Defendants Muenzenmeyer, Jacobitz, Hafen, or Ramirez-Marillo and LVMPD are guilty of oppression, fraud or malice in a violation of Plaintiff's civil rights?

14.     Whether, by clear and convincing evidence, Defendants Muenzenmeyer, Jacobitz, Hafen, Ramirez-Marillo and LVMPD are guilty of oppression, fraud or malice in the commission of false imprisonment, battery or defamation?

Damages:

15.   The amount of damages to be awarded Plaintiff as against Defendants Jacobitz and Muenzenmeyer for the continued handcuffing of Plaintiff after the return of the warrant information.

16.   The amount of damages to be awarded Plaintiff on any causes of action for which the jury finds liability.

17.   The amount of damages to be awarded Plaintiff should the jury find liability for punitive damages on the Plaintiff's civil rights claims.

18. The amount of damages to be awarded Plaintiff should the jury find liability for punitive damages on the state law claims.

Other Issues of Fact:[12]

---

[1] Plaintiff, in its initial proposed pretrial oder, largely included the following facts as facts which, while not admitted, there would be no evidence to contradict them. Defendants disagreed and, as such, they are now included as disputed facts. Nonetheless, the facts marked with an asterisk appear on authenticated video from Defendants' body cameras. Plaintiff is at a loss as to how the contrary could be proved or evidence admitted because authenticated video conclusively demonstrates the discernable facts from the video. *People for the Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 111 Nev. 615, 621 (1995)(Items captured on video are **conclusively** true) *Lee v. City of Norwalk, Ohio*, No. 3:11 CV 897, 2012 WL 3778975, at *2 (N.D. Ohio Aug. 30, 2012), aff'd, 529 F. App'x 778 (6th Cir. 2013) (authenticated video properly **controls over conflicting statements** in a summary judgment motion); *Parker v. Town of Woodworth*, 160 So. 3d 1113, 1119 (La. App. 2015)(An admitted video **"tells it all"** concerning the facts exhibited); *Stevens v. Mkt. Basket Stores, Inc.*, 176 So. 3d 1065, 1070 (La. App. 2015)("[T]he surveillance video **conclusively** establishes that Ms. Stevens slipped in the rice twenty-two seconds before she slipped in it again and fell . . .."); *In re Bailey*, No. 2006-386, 2008 WL 2793848, at *2 (Vt. Apr. 2008)(An authenticated video showing unambiguous events would constitute "**conclusive direct evidence**" of the events portrayed);; *accord Scott v. Harris*, 550 U.S. 372, 380 (2007); *Griffin v. Hardrick*, 604 F.3d 949, 955 (6th Cir. 2010); *State v. Smith*, No. 05-11-00742-CR, 2012 WL 1059703, at *4 (Tex. App. Mar. 30, 2012)(video evidence established the facts over contrary testimony); *Hall v. State*, 829 S.W.2d 407, 408 (Tex. App. 1992). (Emphasis added).

[2] Defendants disagree with the Plaintiff's position set out in footnote 2 as Plaintiff's proposed admitted facts are largely argumentative interpretations of "facts" set out to favor the Plaintiff's position.  For example, Nos. 6, 9 and 19, among others, involve disputed facts that are not, as alleged by Plaintiff, conclusively demonstrated by the BWC.

1.      Whether, as Plaintiff approached the restroom at The D which is at the top of an escalator, he was met at the top of an escalator by Defendant Jacobitz who pointed  at a wall and directed Plaintiff to face the wall?

2.       Whether Plaintiff complied without resistance, on the initial stop by Jacobitz?*

3.      Whether Jacobitz immediately further seized Plaintiff, grabbing the Plaintiff's hands, after Plaintiff complied with his demand to stop?*

4.      Whether the D allegedly supplied the police with the photo of Plaintiff having a discussion with two men on Fremont Street proximate to the D.*

5.       Whether the alleged informant, the security personnel at The D, knew for some time prior to the alleged information given to the police that Plaintiff was employed on Fremont Street as a person who held a job requiring him to speak with persons on Fremont Street?

6.      After stopping Plaintiff was any physical resistance or indication of physical resistance exhibited by Plaintiff?*

7.      Was Plaintiff subjected to a seizure for sixteen minutes and twenty-four seconds by Muezenmeyer and Jacobitz, and held in handcuffs in a public area for the functional entirety of this detention.*

8.      Whether approximately 9 and a half minutes into the detention, Muenzenmeyer tells Jacobitz that a scope has been run on Plaintiff, there are no wants or warrants and that Plaintiff's information checks out?.*

9.      Whether, at that point, Defendants had completed the investigative stop of Plaintiff, and were solely holding him to summon The D personnel and give them an opportunity to provide Plaintiff a trespass warning under NRS § 207.200 as represented by Jacobitz to Plaintiff and to Muezenmeyer?*

10.    Did Defendant, Jacobitz, affirmatively acknowledge that the <u>Terry</u> stop had ended?*

11.    After having been informed that the police had completed their investigation and were done with their portion of the stop, was there a continuing holding of Plaintiff in handcuffs in a public place by Defendants which was expressly and solely for the purpose of finding security personnel at The D to see if they want to provide Plaintiff with a trespass warning pursuant to NRS § 207.200, a purely private concern of The D and for which no police interaction is necessary under NRS § 207.200 and continuing to hold Plaintiff while that trespass warning was given?

12.    Approximately 12 minutes since the beginning of the detention, when Plaintiff voices a concern about being held and the delay in his release, did Jacobitz state to Plaintiff (misrepresenting the law and his constitutional authority), "We'll take up to an hour [continuing to hold Plaintiff] if we need to. So that's the right that we have."*

13.    Did Hafen repeat this erroneous perspective of the law to Plaintiff?*

14.    Approximately thirteen minutes into the detention, Did Officer Muenzenmeyer take Plaintiff's identification out of Plaintiff's wallet, and provides it to private security at The D, who accepts the identification and transcribes the information from it at approximately thirteen minutes into the detention?*

15.    Whether, while still being held in police handcuffs in a public place, security from The D informed Plaintiff that they are trespassing him, and when Plaintiff questions personnel of The D why they are undertaking this action, did Defendant Jacobitz then say to Plaintiff, "You want to make it an issue, we'll just take you to jail for it."?*

16.    Did Jacobitz' statement in the preceding paragraph constitute threat of force and unauthorized use of authority by Jacobitz to gain unwarranted compliance from the Plaintiff, and was it constructed to place Plaintiff in unnecessary fear of the encounter?

17.     Did the foregoing statement by Jacobitz violate a representation he made to the Plaintiff that the Plaintiff would be told of the reason for a trespass warning if he was given a trespass warning?*

18.     Is it correct that following Plaintiff being given a trespass warning by The D, in full accord with the representations of Defendant Jacobitz and no further investigation occurring in the interim, Plaintiff is released further indicating that Plaintiff was being held in handcuffs solely for the purpose of seeking out a third-party and allowing that third-party to provide a private trespass warning to Plaintiff if they so desire?

19.     Whether the investigation into Plaintiff's suspected criminal activity continued only up to the point where D security arrived to trespass him, or was it over at some prior point when Jacobitz admitted that they had completed their investigation?*

20.     When did the investigation of Plaintiff end?

Defendants' Issues of Fact:

1.      Whether it was reasonable under the circumstances to initially place Plaintiff in handcuffs?

2.      Whether the circumstances of the initial encounter with Plaintiff gave rise to officer safety concerns and/or concerns for the safety of others

3.      Whether Plaintiff exhibited behavior that could create officer safety concerns or concerns for the safety of others?

4.      Whether the investigation into Plaintiff's suspected criminal activity continued up to the point where D security arrived to trespass him?

5.      Whether the investigation into Plaintiff's suspected criminal activity continued for a period after the D security arrived to trespass him?

Nersesian & Sankiewicz
528 South Eighth Street

9

6. When did the investigation end?

7. At any point of the detention, up to the time that the D security arrived, was the handcuffing unlawful?

8. Whether Plaintiff suffered damage from being handcuffed?

9. If so, what is the nature and extent of the damage from being handcuffed?

10. Whether Officers Hafen and Ramirez-Marillo were integrally involved in any alleged unlawfully prolonged detention or handcuffing?

11. Whether Plaintiff suffered damage from any alleged unlawfully prolonged detention?

12. If so, what is the nature and extent of the damage from the alleged unlawfully prolonged detention?

13. Whether there is evidence to show a widespread or longlasting custom or practice of LVMPD to place anyone detained into handcuffs?.

14. Whether Plaintiff consented to his ID being given to D security?.

15. Whether Plaintiff was deprived of the use of his ID for a substantial time?

16. Whether Plaintiff's ID was impaired or harmed.

17. Whether Plaintiff suffered damage from Officer Munzenmeyer's handing of his ID to the D security?

18. Whether the use of handcuffs was a reasonable use of force under state law?

19. Did Defendants' unlawful use of handcuffs communicate to others that Plaintiff was a criminal?

20. Was the use of handcuffs privileged?

21. Was Plaintiff damaged as a result of alleged defamation?

22. If so, what is the nature and extent of Plaintiff's damages?

23.    Did any Defendant act with oppression, fraud or malice?

24.    If any of Defendants' Issues of Fact are best characterized as Issues of Law, they should be so considered.

**VI.**

**The following are the issues of law to be to be tried and determined at trial.**

Plaintiff's Issues of Law:

1. Whether the law allows handcuffing during a *Terry* stop when the individual is non-physical and compliant with the directions of the authority making the stop?

2. When did the investigation end as a matter of law?

3. If so, what is the nature and extent of the damage from the alleged unlawfully prolonged detention.

4. Whether there is evidence to show a widespread or longlasting custom or practice of LVMPD to place anyone detained into handcuffs.

5. Whether Plaintiff consented to his ID being given to D security.

6. Whether Plaintiff was deprived of the use of his ID for a substantial time.

7. Whether Plaintiff's ID was impaired or harmed.

8. Whether Plaintiff suffered damage from Officer Munzenmeyer's handing of his ID to the D security.

9. Whether the use of handcuffs was a reasonable use of force under state law.

10. Does Defendants' unlawful use of handcuffs communicate to others that Plaintiff was a criminal?

11. Was the use of handcuffs privileged?

12. Was Plaintiff damaged as a result of alleged defamation?

13. If so, what is the nature and extent of Plaintiff's damages?

**Nersesian & Sankiewicz**
528 SOUTH EIGHTH STREET

11

14. Did any Defendant act with oppression, fraud or malice?

15. If any of Defendants' Issues of Fact are best characterized as Issues of Law, they should be so considered.

16. Does the duration of the seizure of a driver's license such that persons not entitled to the information therefrom can gain that information satisfy any "substantial time" durational requirement. None. (The Court's Order Granting in Part and Denying in Part Motions for Summary Judgment [Document 71] addresses the law of the case

17. Can state law allow handcuffing beyond that authorized by the Constitution?

18. Was any defamation of Plaintiff correctly characterized as defamation *per se*?

Defendants' Issues of Law:

1. Whether Officer Jacobitz violated Plaintiff's rights when he initially placed Plaintiff into handcuffs.

2. Whether Officer Jacobitz violated Plaintiff's rights by leaving Plaintiff in handcuffs during his detention.

3. Whether Officer Munzenmeyer violated Plaintiff's rights by leaving Plaintiff in handcuffs during his detention.

4. Whether Officers Hafen and Ramirez-Murillo violated Plaintiff's rights by leaving Plaintiff in handcuffs after the D Security arrived.

5. Whether the initially lawful detention was unlawfully prolonged in violation of Plaintiff's rights.

6. Whether Officers Hafen and Ramirez-Murillo violated Plaintiff's rights by integrally participating in an unlawfully prolonged detention after D Security arrived.

Nersesian & Sankiewicz
528 South Eighth Street

12

7.      Whether Plaintiff was dispossessed of his ID by Officer Munzenmeyer.

8.      Whether Plaintiff was defamed by Officers as a result of being handcuffed in the casino.

9.      Whether the use of the handcuffs was a privileged communication.

10.     Whether the use of handcuffs was defamation per se.

11.     Whether Plaintiff was battered by an unreasonable use of handcuffs.

12.     Whether Plaintiff was falsely imprisoned .

13.     Whether LVMPD violated Plaintiff's rights through an alleged widespread or longstanding custom or practice of handcuffing persons being detained.

14.     Whether LVMPD is vicariously liable for the state law claims of Battery, False Imprisonment, and Defamation.

15.     If any of Defendants' Issues of Law are best characterized as Issues of Fact, they should be so considered.

(a)    **The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:**

*The parties have not yet reached any stipulations as to evidence.*

   a.      **Plaintiff's exhibits.**

   b.      **Defendant's exhibits.**

(b)    **As to the following additional exhibits, the parties have reached the stipulations stated:**

*The parties have not yet reached any stipulations as to evidence.*

   (1)      **Set forth stipulations on plaintiff's exhibits.**

Nersesian & Sankiewicz

528 South Eighth Street

13

        **(2)     Set forth stipulations on defendant's exhibits.**

**(c)     As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:**

        **(1)     Set forth the plaintiff's exhibits and objections to them.**

Please note that the following includes evidence Plaintiff intends to offer, as well as possible impeachment exhibits.

1.     Body Cam Video Footage; Defendants have objections to the use of irrelevant sections of BWC footage.

2.     McDonald's receipt

3.     Weekly punch of Plaintiff's employer

4.     Sign in sheet dated 10/10/17

5.     Copy of employment file of Plaintiff and parking lot access card

6.     Face page of www.TLCresorts.com with logo

7.     Misdemeanor warning

8.     Statement of Angel Sandoval; Defendants object as to relevance and hearsay.

9.     Plaintiff's letter to personnel at the D, dated 10/11/17

10.     Plaintiff's letter to Derek Stevens at the D, dated 10/24/17

11.     Plaintiff's letter to John Fiato at the D, dated 10/31/17

12.     Response from John Fiato at the D, dated 11/20/17

13.     Plaintiff's complaint to Citizen Review Board and Internal Affairs

14.     Response from Citizens Review Board dated 1/19/18

15.     Citizen Review Board complaint

16.     Citizen Review Board summary of complaint

17.     Citizen Review Board statement of complaint

18.     Finding of the Citizen Review Board, dated 1/19/18

19.     Response from Internal Affairs, dated 11/3/17

20.     Drock's Daily Log Full Report

21.     Statement of John Fiato, dated 5/14/18

22.     Drock's photograph of Plaintiff

23.     Statement of Ray Thompson, dated 5/15/18

24.     LVMPD's Policies and Procedures

25.     Drock's trespass file for Plaintiff

26.     Drock's daily log full report (surveillance)

27.     Drock's daily log summary report (security)

28.     Drock's photographs of Plaintiff

29.     Pages from personnel file of Jeremy Jacobitz

30.     Pages from personnel file of Brianna Muenzenmeyer

31.     Pages from personnel file of Colton Hafen

32.     Pages from personnel file of George Ramirez-Marillo

33.     Las Vegas Metropolitan Police Department's Responses to Plaintiff's First Interrogatories

34.     Defendant, Drock Gaming, LLC Responses to Plaintiff Darius McCall's First Interrogatories; Defendants object as to relevance, hearsay.

35.     Defendant, Drock Gaming, LLC responses to Plaintiff, Darius McCall's Second Set of Interrogatories; Defendants object as to relevance; hearsay.

36.     Alan Zajic's Expert Report; Defendants object as to relevance, hearsay, foundation and best evidence.

**Nersesian & Sankiewicz**
528 South Eighth Street

15

37.     Alan Zajic's CV; Defendants object as to relevance, hearsay, foundation and best evidence.

38.     Alan Zajic's list of cases; Defendants object as to relevance, hearsay, foundation and best evidence.

39.     Alan Zajic's lit of publications; Defendants object as to relevance, hearsay, foundation and best evidence.

40.     Alan Zajic's list of documents reviewed; Defendants object as to relevance, hearsay, foundation and best evidence.

41.     Alan Zajic's fee schedule; Defendants object as to relevance, hearsay, foundation and best evidence.

42.     Tommy J. Burns's Expert Report; Defendants object as to relevance, hearsay, foundation and best evidence.

43.     Tommy J. Burns's Supplemental Expert Report; Defendants object as to relevance, hearsay, foundation and best evidence.

44.     Tommy J. Burns's fee schedule; Defendants object as to relevance, hearsay, foundation and best evidence.

45.     Tommy J. Burns's CV; Defendants object as to relevance, hearsay, foundation and best evidence.

46.     Tommy J. Burns's list of prior testimony; Defendants object as to relevance, hearsay, foundation and best evidence.

46.     Tommy J. Burns's correspondence with counsel; Defendants object as to relevance, hearsay, foundation, FRE 403, privilege and best evidence.

47.   Pages from Tommy J. Burn's files; Defendants object as to relevance, hearsay, foundation and best evidence.

**(2)   Set forth the defendants' exhibits and objections to them.** Please note that the following includes evidence Defendants intend to offer, as well as possible impeachment exhibits.

a.   **Incident Recall [Bates LVMPD000001-000002] [Plaintiff objects as hearsay, cumulative, and self serving to the extent that the evidence is not credible].**

b.   **Unit Log [Bates LVMPD000003] Plaintiff objects on the same grounds.**

c.   **Trespass Citation to McCall [Bates LVMPD000005]**

d.   **McCall's Citizen Review Board Complaint Package [Bates LVMPD000006-000015]**

e.   **LVMPD Internal Summary of McCall's Citizen Review Complaint [Bates LVMPD000016-000018]**

f.   **Body Worn Camera Videos of Jacobitz, Munzenmeyer, Hafen, and Ramirez-Murillo [Bates LVMPD000028]**

g.   **LVMPD Policies and Procedures for Interaction with the Public, Detention, Person Stop, Trespass, and Citation Warnings [Bates LVMPD000029-000114]**

h.   **Training Logs of Officer Jacobitz [Bates LVMPD000115-000135, LVMPD000188-000208]** *See* **1 above for objections.**

i.

j.      TLC Vacation Resorts Personnel File of Darius McCall [Bates LVMPD000139-000187]

k.      Training Logs of Officer Hafen Colton [Bates LVMPD000209-000220] *See* 1, above for objections.

l.      Training Logs of Officer Brianna Muzenmeyer [Bates LVMPD000221-000230] *See* 1, above for objections.

m.      Training Logs of Officer George Ramirez-Murillo [Bates LVMPD000231-000241] *See* 1, above for objections.

n.      Officer Jacobitz' Personnel File [Bates LVMPD000241-000253] *See* 1, above for objections.

o.      Officer Muzenmeyer's Personnel File [Bates LVMPD000254-000260] *See* 1, above for objections.

p.      Officer Hafen's Personnel File [Bates LVMPD000261-000266] *See* 1, above for objections.

q.      Officer Ramirez-Murillo's Personnel File [Bates LVMPD000267-000272] *See* 1, above for objections.

r.

s.      Drock Gaming's Daily Log Full Report, DL 20170102551 [Bates McCALL00046-00047] *See* 1, above for objections

t.      Statement of John A. Fiato dated 5/14/18 [Bates McCALL00048] *See* 1, above for objections

u.      Photograph of Darius McCall [Bates McCALL00049]

v.      Statement of Raymond Thompson [Bates McCALL00050] *See* 1, above for objections

w.      October 31, 2017 letter from Darius McCall to The D Hotel [Bates McCALL00051-00052]

x.      November 20, 2017 letter from John Fiato to Darius McCall [Bates McCALL00053] *See* 1, above for objections

y.      The D Trespass File for Darius McCall [Bates McCALL00054-00055] *See* 1, above for objections

z.      The D's Daily Log Full Report re Darius McCall [Bates McCALL00056] *See* 1, above for objections

aa.     The D Security Daily Log Summary Report [Bates McCALL00057-00065] *See* 1, above for objections

bb.     Three Color Photographs of Darius McCall [Bates McCALL00067-00069] *See* 1, above for objections

cc.     Plaintiff's October 11, 2017 letter to John Fiato

dd.     Plaintiff's October 24, 2017 letter to Derek Stevens

ee.     January 19, 2018 letter regarding CRB findings to Plaintiff

ff.     LVMPD Summary of Internal Affairs Complaint [Bates LVMPD000019-000027]

gg.     CRB Screening Panel Findings

hh.     LVMPD November 3, 2017 letter regarding investigation findings

ii.     Plaintiff's Responses to LVMPD's Interrogatories

jj.     Plaintiff's Responses to LVMPD's Requests for Admissions

kk.     Plaintiff's Responses to LVMPD's first and second Requests for Production.

**Plaintiff also objects to any attempted use of a prior statement by a party or the representative of a party as hearsay not subject to an exception, but reserves the right to use such statements as party admissions if deemed advisable by the Plaintiff.**

 

       **(d)    Electronic evidence: [State whether the parties intend to present electronic evidence for purposes of jury deliberations.]**

The Parties intend to present all or portions of the body cam video footage.

       **(e)    Depositions:**

              **(1)    Plaintiff will offer the following depositions: [Indicate name of deponent and identify portions to be offered by pages and lines and the party or parties against whom offered.]**

Plaintiff will present the deposition of Darius McCall as redacted for relevant and proper evidence. Plaintiff, otherwise, intends to present testimony through live witnesses.  Plaintiff reserves the right to use the depositions taken in this matter as allowed pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

              **(2)    Defendant will offer the following depositions: [Indicate name of deponent and identify portions to be offered by pages and lines and the party or parties against who offered.]**

Defendants will offer the deposition of anyone unavailable at the time of trial or for impeachment purposes.

       **(f)    Objections to Depositions:**

**(1)    Defendant objects to plaintiff's depositions as follows:** Defendants do not object to the use of depositions as long as they are used for impeachment purposes only, or if it is demonstrated that a witness is unavailable to testify.

Defendants are unaware of the sections of Plaintiff's deposition that Plaintiff intends to use.

Defendants reserve their rights to assert their objections.

**(2)     Plaintiff objects to defendant's depositions as follows:**

*None at this time.*

**VII.**

**The following witnesses may be called by the parties at trial:**

**(a) Provide names and addresses of plaintiff's witnesses.**

1.     Darius McCall
        c/o Nersesian & Sankiewicz
        528 S. Eighth Street
        Las Vegas, NV  89101

2.     Persons most knowledge/custodian of records of Drock Gaming, LLC
        d/b/a The D  re 1) incident at issue, 2) security, 3) surveillance, 4) media,
        5) documents, 6) policies and procedures, 7) trespass file, 8) authentication
        9) financial condition
        c/o Brandon/Smerber Law Firm
        139 E. Warm Springs Road
        Las Vegas, NV  89119

        and/or Dickinson Wright
        8363 W. Sunset Road, Suite 200
        Las Vegas, NV  89113

3.     Raymond Thompson
        c/o Brandon/Smerber Law Firm
        139 E. Warm Springs Road
        Las Vegas, NV  89119

        and/or Dickinson Wright
        8363 W. Sunset Road, Suite 200
        Las Vegas, NV  89113

4.     John Fiato
        c/o The D
        301 E. Fremont
        Las Vegas, Nevada

5.     Jeremy Jacobitz
        c/o Kaempfer Crowell
        1980 Festival Plaza Drive, Suite 650

Las Vegas, Nevada  89135

6.    Colton Hafen
     c/o Kaempfer Crowell
     1980 Festival Plaza Drive, Suite 650
     Las Vegas, Nevada  89135

7.    Brianna Muenzenmeyer
     c/o Kaempfer Crowell
     1980 Festival Plaza Drive, Suite 650
     Las Vegas, Nevada  89135

8.    George Ramirez-Marillo
     c/o Kaempfer Crowell
     1980 Festival Plaza Drive, Suite 650
     Las Vegas, Nevada  89135

9.    Michael Souder
     c/o Kaempfer Crowell
     1980 Festival Plaza Drive, Suite 650
     Las Vegas, Nevada  89135

10.   Person most knowledgeable/custodian of records of Las Vegas Metropolitan
     Police Department re 1) incident at issue, 2) media,
     3) documents, 4) policies and procedures and 5) authentication
     c/o Kaempfer Crowell
     1980 Festival Plaza Drive, Suite 650
     Las Vegas, Nevada  89135

11.   Plaintiff, Lakiesha McCall
     c/o Nersesian & Sankiewicz
     528 S. 8th St.
     Las Vegas, NV  89101; Defendants object to any testimony by this previously
undisclosed individual.

12. Person(s) Most Knowledgeable for TLC Resorts regarding Plaintiff's employment

history and his job.

     1 S. Main St. Floor 3
     Las Vegas, NV  89101

**(b) Provide names and addresses of Defendants' witnesses.**

1.    Defendant Officer Jeremy Jacobitz
     c/o Kaempfer Crowell
     1980 Festival Plaza Drive, Suite 650
     Las Vegas, NV 89135

**Nersesian & Sankiewicz**
528 SOUTH EIGHTH STREET

2.      Defendant Officer Colton Hafen
        c/o Kaempfer Crowell
        1980 Festival Plaza Drive, Suite 650
        Las Vegas, NV 89135

3.      Andrew Walsh (as Person Most Knowledgeable of Las Vegas Metropolitan Police
        Department regarding handcuffing and detention)
        c/o Kaempfer Crowell
        1980 Festival Plaza Drive, Suite 650
        Las Vegas, NV 89135

4.      Defendant Officer Brianna Muenzenmeyer
        c/o Kaempfer Crowell
        1980 Festival Plaza Drive, Suite 650
        Las Vegas, NV 89135

5.      Defendant Officer George Ramirez-Murillo
        c/o Kaempfer Crowell
        1980 Festival Plaza Drive, Suite 650
        Las Vegas, NV 89135

6.      Sergeant Michael Souder
        c/o Kaempfer Crowell
        1980 Festival Plaza Drive, Suite 650
        Las Vegas, NV 89135

7.      Person Most Knowledgeable of Drock Gaming, LLC d/b/a The D for authentication of
        records, if necessary.
        c/o Brandon Smerber Law Firm
        139 E. Warm Springs Road
        Las Vegas, NV 89119
        -and-
        Dickinson Wright
        8363 West Sunset Road, Suite 200
        Las Vegas, NV 89113

8.      Raymond Thompson
        c/o Brandon Smerber Law Firm
        139 E. Warm Springs Road
        Las Vegas, NV 89119
        -and-
        Dickinson Wright
        8363 West Sunset Road, Suite 200
        Las Vegas, NV 89113

9.      John Fiato
        c/o Brandon Smerber Law Firm

Nersesian & Sankiewicz
528 SOUTH EIGHTH STREET

23

139 E. Warm Springs Road
Las Vegas, NV 89119
-and-
Dickinson Wright
8363 West Sunset Road, Suite 200
Las Vegas, NV 89113

10.      Tommy Burns
         P.O. Box 90155
         Henderson, NV 89009

11.      Staci Fason (to authenticate Incident Recall, CAD, and Unit Log, if needed)
         c/o Kaempfer Crowell
         1980 Festival Plaza Drive, Suite 650
         Las Vegas, NV 89135

12.      Adam Seely (to authenticate CRB Complaint documents, if needed)
         c/o Kaempfer Crowell
         1980 Festival Plaza Drive, Suite 650
         Las Vegas, NV 89135

13.      Lt. Allen Larsen (to authenticate Body Worn Camera footage, if needed)
         c/o Kaempfer Crowell
         1980 Festival Plaza Drive, Suite 650
         Las Vegas, NV 89135

14.      Tara Delp (to authenticate LVMPD Policies, if needed)
         c/o Kaempfer Crowell
         1980 Festival Plaza Drive, Suite 650
         Las Vegas, NV 89135

15.      Sgt. Brandon Conk (to authenticate Training Logs, if needed)
         c/o Kaempfer Crowell
         1980 Festival Plaza Drive, Suite 650
         Las Vegas, NV 89135

16.      Jamie Frost (to authenticate Personnel Records, if needed)
         c/o Kaempfer Crowell
         1980 Festival Plaza Drive, Suite 650
         Las Vegas, NV 89135

## VIII.

*The Parties* offer these three trial dates:_ September 26, 2022; October 3, 2022; October 10, 2022.

**It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.**

**IX.**

**It is estimated that the trial will take a total of 5 days.**

**X.**

**Other matters:**

Plaintiff expects to bring certain pretrial motions including the following Motions in Limine:

    a.   Exclude any mention of Darius McCall's felony convictions prior to the incident;

    b.   Exclude the Defendant's experts from testifying;

    c.   Exclude any mention of the October 1 shooting by the Defendants.

    d.   Exclude the self-serving employment records of the remaining individual Defendants.

The parties  expect to bring certain pre-trial motions, including motions in limine, if necessary following the required meet and confer conference(s).

**APPROVED AS TO FORM AND CONTENT:**

*/s/ Robert A. Nersesian*
Robert A. Nersesian
Nevada Bar No. 2762
Thea Marie Sankiewicz
Nevada Bar No. 2788
**Nersesian & Sankiewicz**
528 S. Eighth Street
Las Vegas, Nevada  89118
Telephone:  702-385-5454
email:  VegasLegal@aol.com
**Attorneys for Plaintiff**

Nersesian & Sankiewicz
528 SOUTH EIGHTH STREET

25

1  /s/ *Lyssa S. Anderson*
2  Lyssa S. Anderson
   Nevada Bar No. 5781
3  Ryan W. Daniels
   Nevada Bar No. 13094
4  **Kaempfer Crowell**
   1980 Festival Plaza Dr. Suite 650
5  Las Vegas, Nevada  89135
   Telephone:  702-792-7000
6  email:  landerson@kcnvlaw.com
7  **Attorneys for LVMPD Defendants**

8                              **X.**

9                    **ACTION BY THE COURT**

10

11    **This case is set for jury trial on September 26, 2022, at 9:00 a.m. in LV Courtroom 6C.**

12    **Calendar call will be held on September 20, 2022, at 9:00 a.m. in LV Courtroom 6C.**

13

14  IT IS SO ORDERED:

15  Dated: April 11, 2022

16                                    _____

17                                    ANDREW P. GORDON
                                      UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28  **Nersesian & Sankiewicz**                                26
    528 SOUTH EIGHTH STREET